**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

DONIS ALEXANDER TOLEDO          )
SANTOS,                         )
                                )
        Petitioner,          )
                                )
v.                              )          Case No. CIV-25-1433-SLP
                                )
SCARLET GRANT, et al.,          )
                                )
        Respondents.         )

## REPORT AND RECOMMENDATION

Petitioner Donis Alexander Toledo Santos, a noncitizen and Honduran national, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). On December 22, 2025, the undersigned issued a Report and Recommendation recommending the Court grant the Petition in part and order Respondents to provide a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 10. On January 23, 2026, the Court adopted the recommendation and ordered Respondents to provide Petitioner a bond hearing within seven days or otherwise release Petitioner. Doc. 12. On February 2, 2026, Respondents filed a status report confirming Petitioner was released from custody because he was not provided a bond hearing within that time. Doc. 14; Doc. 15 at 2.

On April 23, 2026, Petitioner filed a Motion for Attorneys' Fees and Expenses under the Equal Access to Justice Act ("Motion"). Doc. 15. The Court referred the Motion to

the undersigned, Doc. 16, and the Motion is at issue.  For the reasons set forth below, the undersigned recommends that the Court deny Petitioner's Motion.

## I.    <u>Analysis of Fee Request</u>

The Tenth Circuit recently held the Equal Access to Justice Act ("EAJA") "authorizes the award of attorneys' fees to petitioners who prevail against the Government" in "habeas actions challenging immigration detention."  *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025).  To be eligible to receive an EAJA fee award, Petitioner cannot have a net worth that exceeds $2,000,000 at the time his case is filed and must file a motion for attorneys' fees within thirty days of the final judgment.  *See* 28 U.S.C. § 2412(d).  It is undisputed that Petitioner does not have a net worth that exceeds $2,000,000 and that he timely filed his motion for EAJA fees.  Doc. 15 at 2, 7; Doc. 15-1.

"Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)).  The government bears "the burden of proof to show that [its] position was substantially justified."  *Id.*  In the Tenth Circuit, the test for whether the government's position was substantially justified "is one of reasonableness in law and fact.  Thus, the government's position must be justified to a degree that could satisfy a reasonable person."  *Id.* (citation modified).  And "the government's position can be justified even though it is not correct."  *Id.* (citation modified).

Based on the Tenth Circuit's test for a "substantially justified" position, the Court should conclude Respondents' position in this case is substantially justified such that an award of EAJA fees is not appropriate. *See, e.g.*, *Perez v. Grant*, No. CIV-25-1560-R, Order, Doc. 18 at 2 (W.D. Okla. June 15, 2026) (denying EAJA fees in a similar situation); *Garcia v. Holt*, No. CIV-25-1225-J, 2026 WL 1481291, at *1 (W.D. Okla. May 26, 2026) (same); *Garcia-Lopez v. Castro*, No. CIV-25-1144, 2026 WL 524082, at *36 (D.N.M. Feb. 25, 2026) (same). While the Court determined Respondents' position on the application of § 1225(b)(2) was incorrect, it does not mean the position is not substantially justified. When an area of law is "unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).

The case law analyzing whether 8 U.S.C. § 1225 or § 1226 controls detention in the circumstances involved in this case remains "in flux" and is unsettled, with courts across the country and within this District reaching conflicting conclusions. Specifically, the Fifth and Eighth Circuits have embraced Respondents' view. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). On the other hand, the Second, Sixth, and Eleventh Circuits have embraced Petitioner's view. *See Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61 (2d

3

Cir. 2026).[1]  Additionally, district courts across the country, including Judges within this District, have reached contradicting conclusions.  *See, e.g., Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (agreeing with Respondents' position and applying § 1225(b)(2) to a similarly situated petitioner); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025) (same).

Accordingly, the undersigned cannot conclude Respondents' position, which is required only to be reasonably based in law and in fact, is substantially unjustified where two Courts of Appeals and numerous district courts embrace the same position.  Therefore, the Court should find Respondents' position is substantially justified.

## II.  <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DENY** Petitioner's Motion, Doc. 15.  The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 1, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[1] Further demonstrating the conflicting conclusions, in a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56, 861-63, 871-77 (7th Cir. 2026).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 17th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE